POOLE, Circuit Judge,
concurring in part, dissenting in part.
I concur in Sections III.B. and III.C. of the majority’s decision. I dissent with regard to Section III.A.
As a general rule, we will not consider an issue raised for the first time on appeal. See, e.g., Crane v. The Arizona Republic, 972 F.2d 1511, 1520 (9th Cir.1992); Bolker v. Commissioner, 760 F.2d 1039, 1042 (9th Cir.1985). Victoria Farms, Inc. first challenged the constitutionality of the United States Trustee program when the United States Trustee appealed the decision of the bankruptcy court to the district court. The district court refused to consider the issue for the first time on appeal. Presumably the district court thought that the appellate process is best aided by having the issues related to the particular controversy at hand fully contested below, rather than allow the parties to muddy the appellate process with new and untested claims.
Appellee, hoping to avoid $4,250.00 in U.S. Trustee fees has asked us to invalidate the entire U.S. Trustee system as unconstitutionally disuniform. Instead of simply refusing to hear an issue raised for the first time on appeal, the majority entertains appellee’s claim. The majority, apparently believing that it is exercising great restraint, proceeds to hold unconstitutional Section 317(a) of the Judicial Improvements Act of 1990, Pub.L. No. 101-650, 101st Cong., 2d Sess. (1990), which lengthens the time for implementation of the U.S. Trustee system into North Carolina and Alabama. It then decides the previously litigated substantive issues of the ease in a way that is completely unaffected by the decision to invalidate Section 317(a).
I do not deny that the issue might have merit for some litigant in some court. Instead, I question the wisdom of a Ninth Circuit panel deciding a constitutional issue which has no effect on the review of the controversy before it, but which will undoubtedly spawn litigation in the federal courts for the districts of Eastern North Carolina, Middle North Carolina, Western North Carolina, Northern Alabama, Middle Alabama, and Southern Alabama, and which may result in an intercireuit conflict between the Fourth, Ninth, and Eleventh Circuits. Such a decision is especially unwise where the litigation and conflict engendered may go unresolved *1536 for the eight years remaining under Section 817(a) until North Carolina and Alabama finally get United States Trustees.
Because I do not believe that we should have entertained the constitutional claim I will not directly address its merits, except to note that the panel assumes, without any empirical footing, a great deal about the effect of the United States Trustee on the relationship between debtors and creditors. It appears that with or without United States Trustees there is tremendous local variation in the practice of bankruptcy, See Teresa A. Sullivan, Elizabeth Warren, & Jay Lawrence Westbrook, “The Persistence of. Local Legal Culture: Twenty years of Evidence from the Federal Bankruptcy Courts,” 17 Harv.J.L. & Public Pol’y 801 (1994). The majority also assumes that the United States Trustee program is a “more costly system for resolving bankruptcy disputes” presumably because the United States Trustee collects a fee. But this is a simplistic view of costs. Where the U.S. Trustee exercises its statutory obligation to object to excessive attorney’s fees (28 U.S.C. § 586(a)(3)(A)), or where it helps assure that smaller Chapter 11 cases (like the one in this case) do not languish in bankruptcy forever (see Douglas G. Baird & Thomas H. Jackson, Cases, Problems, and Materials on Bankruptcy, 2d ed. 951 (1990)), the presence of a U.S. Trustee appears to provide a more cost efficient system for resolving bankruptcy disputes. The majority reaches its constitutional conclusion by making empirical conjectures that are often best left to Congress, and Congress, for whatever reason, has decided to introduce the United States Trustee system throughout all geographic regions of the country in four separate stages.
Because resolution of the discrete dispute which we review today does not require us to say anything about the constitutionality of Section 317(a) of the Judicial Improvements Act of 1990, I respectfully dissent from Section III.A. of the majority opinion.